ing ordered to pay the amount of judgment into court) to claim exemption here 'n an action of interpleader filed by the garnishee, although the defendant in the justice's court did not claim the exemption allowed by law at any stage of the proceedings in the justice's court.

It is insisted on behalf of the plaintiff in error that the court below erred in sustaining the right of the party to demand exemption under these circumstances. It is contended that the party should have made the demand for exemption in the justice's court; that the order of the justice requiring the garnishee to pay the money into court was a full determination of the rights of the party, and that such order was in fact an application of the fund in the hands of the garnishee to the claim of the plaintiff in the justice's court.

In *Petersine* v. *Thomas,* 28 Ohio St. 596, it is held that "When a matter is finally determined in an action between the same parties by a competent tribunal, it is to be considered at an end, not only as to what was determined, but also as to every other question which the parties might have litigated in the case."

But in *Close* v. *Sinclair,* 38 Ohio St. 530, the court held that "The right given by sec. 3 of the homestead act as amended February 27, 1873 (70 O. L. 51), to a debtor who is the head of a family, and not the owner of a homestead, to hold exempt from levy and sale, property as therein mentioned, to be selected by him 'at any time before sale, applies as well to property levied on by attachment as by execution; and an order for the sale of the attached property, made in the proceedings in attachment, does not prevent the debtor from exercising his right of selection after the making of such order of sale.'"

In *Chilcote* v. *Conley,* 36 Ohio St. 545, it was held that a debtor has the right to select "money" in lieu of homestead at any time before there has been an application *in fact* of the money to the claim of the judgment creditor.

It is, however, contended in the case at bar that the order of the justice of the peace, requiring the insurance company (the garnishee) to pay the money into court for the benefit of the judgment creditor, was, in and of itself, an application of the money to the judgment creditor's claim.

We do not think this is sound. The common pleas court of Huron county has held otherwise in the well considered case of *Hoover* v. *Haslage* reported in 5 Nisi Prius, 90. It is there stated, on page 101, as follows: "It suffices, however, so far as concerns this case, to hold that a selection is seasonable if it be made while the fund has still not come into the custody of the court, but remains with the garnishee for future disposition."

We think, therefore, that the defendant in the justice's court was entitled to set up her claim to exemption in the action of interpleader filed in this court by the garnishee, although the garnishee had been ordered by the justice to pay the amount into his court (which order was not complied with), and although there was no claim for exemption made in the justice's court.

The judgment of the court below will therefore be affirmed.

*Burch & Johnson,* for Plaintiff in Error.
*G. W. Harding,* contra.

---

(Franklin County Common Pleas, 1899.)
ANGOVE v. STATE OF OHIO.

An ordinance requiring bill posters to take out a license before posting bills or distributing advertising matter, is in conflict with the federal constitution providing that the rights of the citizens of one state shall not be abridged by the residents of another.

---

BIGGGER, J. (memorandum of decision.)

The ordinance in question interferes with or abridges the rights of a manufacturer of another state and is, therefore, in conflict with the national constitution which says that the rights of citizens of one state shall not be abridged by the residents of another.

Error to the police court of Columbus.

This case involved the ordinance passed by the city council of Columbus requiring bill posters to take out a license before distributing or posting bills or printed matter. Angove was arrested for distributing bills advertising "Pheno Caffine" made in Massachusetts, without first taking out a license. He was fined $50 and costs.

---

(Darke County Common Pleas, 1901.)
JACOB STOKER ET AL. v. J. F. HENNE ET AL.

S, clerk of courts of Darke county, O., entered into a contract with H, guardian of T and others, that if H as guardian would commence a certain suit for his wards and prosecute the same to final determination, he would, in the case H was unsuccessful in the suit and the costs were adjudged against him, release and make no claim against him for any costs to which he might be entitled and would save him, H, and his wards, harmless from all ex-